Charles A. Loreto, J.
Motion by defendant bank for an order directing the sale or other disposition of certain assets held by it belonging to plaintiff insurance company.
Plaintiff seeks judgment essentially for a recovery of the cash and securities deposited with defendant, the greater part subject to the provisions of section 98 of the Insurance Law of New York, and judgment for damages because of defendant’s refusal to honor its corporate resolution. Defendant bank has impleaded the Superintendent of Insurance and one Paul Richter doing business as Meade & Company.
The firm of Meade & Company, a securities broker, dealer and underwriter in September, 1961, underwrote a public offering of common stock whereby 75,000 shares of Class A common stock of plaintiff were sold at $12 per share, as set forth in a prospectus filed with the Securities and Exchange Commission. In the affidavit of Paul Richter submitted herein, he states: “ Mohawk Insurance Company agreed in the underwriting agreement executed by it and Meade & Company on September 15, 1961, that for a period of five years from the sale of the stock, Meade & Company would have the right to nominate three directors who would also be members of Mohawk’s finance committee and one of whom would be a member of Mohawk’s executive committee. Accordingly, Charles Coukling, William Sederbaum and Sydney E. Frank were nominated by Meade & Company and duly elected directors of Mohawk Insurance Company. In addition, it was orally agreed between Mohawk Insurance Company and Meade & Company that the approval of one of the directors who had been nominated by Meade & Company would at all times be necessary with respect to all transactions in which funds or securities would be withdrawn from bank accounts of Mohawk Insurance Company. Accordingly, Charles *884 Conkling was duly elected secretary and treasurer of Mohawk Insurance Company and a corporate resolution, dated October 27, 1961, was filed with Bankers Trust Company certifying that the signatures of the ‘ President or Vice-President together with the Treasurer ’ were necessary on all drafts, checks, etc. of Mohawk Insurance Company (See Exhibit A to Plaintiff’s complaint).”
Meade & Company further asserts that on June 13,1962 plaintiff’s directors purportedly adopted a new bank resolution “ that the approval of one of the three directors nominated by Meade & Company would at all times be necessary with respect to all transactions in which funds or securities would be withdrawn from bank accounts ” of plaintiff company and that accordingly a corporate resolution dated October 27, 1961 was filed with defendant bank, certifying the signature of said Conkling, as secretary and treasurer of plaintiff (nominated by Meade & Company) as necessary on all drafts, checks, etc., of corporate plaintiff. It is asserted that the requirement of Conkling’s signature gave a measure of protection against the dissipation of plaintiff’s funds.
After the sale and issuance of that stock, one Apfelbaum asserted a claim for a finder’s fee in the sum of $45,000 against plaintiff and two of its officers personally and has instituted suit therefor against them in this court. It is asserted that no facts with respect to the finder’s fee were revealed to Meade & Company or to the Insurance Department of the State of New York prior to the stock offering and that therefore as no mention thereof was made in the prospectus filed with the Securities and Exchange Commission, failure to have disclosed such a material fact constituted a violation of law by the commission of a fraud upon the public, the Securities and Exchange Commission and the State Insurance Department, the latter having authorized plaintiff to issue additional insurance.
Meade & Company further asserts that on June 13,1962 plaintiff’s directors purportedly adopted a new bank resolution pursuant to which its accounts could be drawn upon without Conkling’s signature (or the signature of any director nominated by Meade & Company). Meade & Company immediately sent notice to defendant bank protesting, asserting that the resolution was illegal and that the bank would act at its peril thereon.
When the defendant bank, therefore, understandably, and under subdivision 4 of section 134 of the Banking Law, refused to honor the last and conflicting corporate resolution, plaintiff brought this suit against it, and the bank seeks the relief herein mentioned.
*885 The position taken by the State Superintendent of Insurance on this application is that if the factions opposing the plaintiff, by joint consent and with appropriate resolutions effectuate the transfer of the securities to him as trustee, that that will be satisfactory to him, and if that is not effectuated then that the motion be denied. His suggested offer has not been accepted by the opposing parties.
There is no reason why the defendant bank should any longer suffer the unwanted burden or any continued risk in holding plaintiff’s property. Plaintiff with its present corporate set-up may have the last resolution recognized and honored if it will execute its undertaking to defendant bank as is provided by subdivision 4 of section 134 of the Banking Law.
The motion is accordingly granted to the extent of directing the transfer of the securities described in the application to another party to be held subject to such directions as the court may make with respect thereto, on the application of any interested party.